RUTH E. DEAN, Respondent, *v.* THE ÆTNA LIFE INSURANCE COMPANY, Appellant.

(Argued June 16, 1875; decided September 21, 1875.)

THIS was an action upon two policies of insurance issued by defendant, a foreign corporation, on the life of Henry Dean. (Reported below, 2 Hun, 358.)

The premiums which, by the policies, fell due September 20th, 1869, were not paid, but plaintiff's evidence tended to show that before the premiums became due an agreement was made between the insured and defendant's general agent, styled manager in this State, by which Dean was to, and did, give notes for three-fourths of the amount of the premium, and time was given to the fifth November for the payment of the one-fourth, cash. This was tendered on the second November to said agent, who refused to receive it. The agent had sole charge of defendant's business in this State. Evidence was given that he had made a similar arrangement with another which was recognized by the defendant. He

had also previously extended time of payment on the policies in suit, and had printed blanks, approved at the home office, for extensions of time, and his acts had been approved by the company. *Held,* that the agent had authority to extend the time; that the agreement was for a good consideration, as under it defendant received Dean's notes and that the agreement was effectual to keep the policy in life. (*Bodine* v. *Ex. Fire Ins. Co.,* 51 N. Y., 117.)

It was claimed by defendant that proof of the death was not given in the time and as required by the policies. Plaintiff's evidence tended to show that the agent refused to furnish blanks or to receive proofs, claiming that the policy had lapsed because of the non-payment; that proofs were sent to the home office by mail. To prove their receipt plaintiff offered evidence of declarations of said general agent admitting their receipt. This was objected to, and received under objection. *Held,* error; that the admission was not connected with any act of the agent as such, but for aught that appeared was a casual statement made by him, when not in the performance of any service or duty for his principal, and so was incompetent.

It was claimed by plaintiff's counsel in answer, that the error was immaterial as there was a waiver of proofs of loss by the refusal of the agent to receive them and by his denial of the defendant's liability. *Held,* that the answer was not tenable as the question of waiver did not appear to have been raised upon the trial and was not submitted to the jury, but it simply submitted to them, upon the incompetent evidence and other testimony, to find whether the proofs were received.

It was claimed by defendant that all the notes were not signed, and the court was requested to charge that plaintiff could not recover unless the jury found that the notes were all executed and delivered. Evidence was given that an agent of Dean, for the purpose of making the cash payment, called upon defendant's general agent, prior to November 5th, 1869, and was informed by him that all of the notes were signed and nothing was left undone save to make the cash payment. The court charged as requested, with the

qualification that if the signing of any of the notes was inadvertently omitted, and the agent upon being asked admitted that they were all signed, it would be too late for defendant to gainsay it. *Held*, no error; that defendant was estopped from denying that the notes were signed; and that it would not have been error, upon the facts in the case, if the court had refused entirely to have charged as requested.

The judgment was reversed simply for the error in receiving the admissions of the defendant's general agent as to receipt of proofs of loss.

*Theron G. Strong* for the appellant.

*J. H. Choate* for the respondent.

FOLGER, J., reads for reversal and new trial.
All concur.
Judgment reversed.