JASON PAYNE, RESPONDENT, v. JOHN P. HODGE, APPELLANT.

*Contract — quantum meruit — Memoranda — entry in books — proof of facts entered.*

Where a party is engaged to superintend a job, to act instead of another in selecting materials and paying employes, he is entitled to a reasonable compensation, and to be paid his disbursements; and, if the work has not been done according to the plans, any injurious departure therefrom would affect the *quantum* of his recovery, but would not prevent his recovering what his services were worth. When the right to compensation does not depend on the value of the work when done, the evidence of experts as to its value and the number of days consumed in doing it is not admissible.

The time required to do a particular work is not a matter of skill or science.

*Smith* v. *Brady* (17 N. Y., 173) distinguished.

Where a party testifies that he made certain entries in his book in accordance with statements made to him by others, and such others testify that the facts were correctly given to him and that he entered them, such evidence is not necessarily hearsay, and is admissible. It makes no difference how the truth of the fact stated in the entry is proved, whether by the one who made the entry or by the one who gave him the facts which he entered.

An entry is not incompetent evidence because of a fact not within the personal knowledge of the person making it. It is enough if it appears that such entry rests upon knowledge and not hearsay, and is proved to have been correctly made.

*Gould* v. *Conway* (59 Barb., 361) distinguished.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was for work done by plaintiff, in superintending, etc., some work for defendant. The defendant by his answer admitted the delivery of a certain portion of the materials and admitted the credits, and denied every other material allegation. He denies specially that the labor amounted to the sum charged by the plaintiff, or that any other of the materials charged for were furnished by his direction, or that he ever accepted them. He alleges, also, that the contract between him and plaintiff, under which all services rendered by him were rendered, was that the work was to be done, according to the plans, skillfully and in a workmanlike manner, and under the personal supervision and superintendence of the plaintiff. He alleges that the work was not so done and that the plaintiff did not give such supervision and superintendence to the work, and that damages resulted to the defendant in a large amount from such failures, which he pleads as a counter-claim, set-off and by way of recoupment.

The referee found, among other things, that by the contract between the plaintiff and defendant it was agreed by the plaintiff that he would take charge of and superintend the repairs and additions to defendant's building. That in pursuance of said contract he agreed to employ for the same purpose mechanics to work under him on said building, and that after said plans had been submitted to the defendant the defendant examined said plans and directed the plaintiff to do the work called for by the contract.

That the plaintiff entered upon the prosecution and completion of the contract aforesaid under the plan submitted by him to the defendant. That the work, according to the contract, was to be done by the plaintiff and the servants under his superintendence by day's work.

That it was agreed between the plaintiff and defendant, in regard to said contract, that the plaintiff was to furnish a good, substantial, plain job, done well.

That in the prosecution and completion of the work so performed under said contract the plaintiff hired and employed competent mechanics, to whom he paid the going wages and who worked under his superintendence on said job. That the work.

labor and services performed by the plaintiff and his servants for the defendant, in the execution of the contract, were reasonably worth the sum of $1,376.11.

The evidence in relation to the books of account is thus stated in the case by the referee. "The books of the plaintiff offered in his behalf are received in evidence merely as cotemporaneous memoranda made by him of the time of the workmen in his employ on the house in question, who have been examined as witnesses in the case and who have testified that they gave their time correctly to the plaintiff, saw him enter it in the books and settled with him according as given."

*Bacon & Duryea*, for the appellant.

*C. H. Winfield*, for the respondent.

GILBERT, J.:

The rule of *Smith* v. *Brady* (17 N. Y., 173), which has been so often invoked to deprive the laborer of his hire, we think does not apply to this case. All that the plaintiff agreed to do was to superintend the job; to act instead of the plaintiff in selecting materials, in employing and paying mechanics and workmen and in exercising an oversight over the work. For this service he was entitled to a reasonable compensation, and to be repaid his disbursements. And his right to recover did not depend on proof that the work had been done in conformity with the plans. The plans, no doubt, were intended to govern the manner in which the work was to be done, and any injurious departure from them might evince a want of skill in the plaintiff which would affect the *quantum* of his compensation, but did not disentitle him to recover what his services were reasonably worth.

The opinions of experts as to the value of the work done, and the number of days consumed in doing it, we think was properly excluded. The plaintiff's compensation did not depend on the value of the work when done, and the time requisite to do a particular work is not a matter of skill or science.

The evidence was clearly sufficient to establish the correctness of the plaintiff's account. The plaintiff testified that he made the

entries in accordance with statements made to him by other witnesses, and the latter testified that such statements were true. This is all that the law requires. Such evidence is not necessarily upon hearsay, which is very properly condemned in *Gould* v. *Conway* (59 Barb., 361). But the plaintiff testified that he entered the facts as given to him, and the other witnesses proved that the facts were correctly given to the plaintiff and that he entered them. It can make no difference how the truth of the facts stated in the entry is proved, whether by the one who made the entry or by the one who gave him the facts which he entered. Nor is an entry incompetent because it is of a fact not within the personal knowledge of the person who made it; it is enough if it appears that the entry rests upon knowledge and not hearsay, and is proved to have been correctly made.

Evidence of the defendant's acquiescence was competent to show that the plaintiff faithfully performed his duty, and that the defendant's complaint on that subject was an afterthought. It was not received to show that any violation of an express contract had been waived, and had no bearing in that direction.

If the views expressed are correct, the other exceptions do not require particular notice.

Upon the merits, the referee seems to have dispensed substantial justice, and his findings of fact and of law are abundantly sustained.

The judgment must be affirmed.

BARNARD, P. J., dissented.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.