NORMAN PECK AND LOUIS F. MARTIN, APPELLANTS, *v.*
HERMAN VON KELLER, RESPONDENT.

*Entry in account-book — when inadmissible in evidence.*

In an action to recover money alleged to have been advanced to defendant by
plaintiffs, one of plaintiffs' clerks testified that he made in their books the follow-
ing entry: "Herman Von Keller, on account, $10,000;" that he had no recol-
lection of the facts contained in it, except that it was like a particular check
he was told to draw; or of its correctness, except from its being in the book.
*Held,* that the entry was not sufficiently authenticated to render it evidence of
anything.

APPEAL from a judgment in favor of the defendant, entered on
the verdict of a jury, and from an order denying a motion for a
new trial made upon the minutes of the justice before whom the
action was tried.

*Elihu Root,* for the appellants.

*John A. Mapes,* for the respondent.

DANIELS, J. :

This action was brought to recover the balance of money
alleged to have been advanced by the plaintiffs to the defendant.
That it was so advanced was denied by him, and whether he was
right or not in that denial was the material controversy existing
at the trial. The plaintiffs were allowed to read an entry made
in their books by one of their clerks who testified to the fact of
having made it. The entry was : " Herman Von Keller, on account,
$10,000." The witness stated that he had no recollection of the
facts contained in the entry, beyond the entry itself, except that
it was like a particular check he was told to draw. He was asked
whether he could state that the entry was correct when it was
made, and answered: " Yes sir, by its being there." The witness
does not appear to have had any knowledge whatever as to the
agreement or understanding made concerning the transaction. And
he remembered no more of the entry than that it was like a particu-
lar check he had been told to draw. He knew nothing of its cor-

rectness, further than the fact that he found the entry in the book. Under these circumstances, it was not sufficiently authenticated to render it evidence of anything. (*Merrill* v. *Ithaca & Owego R. R. Co.*, 16 Wend., 588; *Corning* v. *Ashley*, 4 Denio, 355; *Gould* v. *Conway*, 59 Barb., 355; *Moore* v. *Meacham*, 10 N. Y., 207.) The proof was merely that this entry existed on the plaintiffs' books, and that it had been made by the witness. But that had no legal tendency to prove that the advance was to the defendant. For that reason the court properly ruled that the jury could not consider it as evidence on that subject.

The entries rejected as not entitled to be read were still less reliable. For it only appeared that they were made by the witness on the plaintiffs' directions. They were simply the recorded statements made by the plaintiffs on this subject, or the result of such statements. Whether they were true or not was only known to the plaintiffs themselves, and their evidence does not seem to have been given for the purpose of showing that fact, except as they were examined as witnesses generally in the case to prove the transactions on which their right to recover depended.

All that is claimed for the entries is that the fact of their having been made was proper in the case. But if they could prove nothing more, the evidence of their mere existence would be of no service to the plaintiffs. In the case of *Moore* v. *Meacham* (*supra*), the entry was allowed to be read simply for that purpose. And the court held that the plaintiff could not complain of the ruling which permitted it; and the reason for this ruling is entirely obvious. For when read for that purpose, it could be allowed no possible effect as evidence. Whether received or rejected, it could be of no importance, unless it should be acted upon as some proof of the fact mentioned in the entry. These entries are not claimed to have been entitled even to that degree of consideration, and as they were not, whether they existed in the case or not was entirely immaterial.

The judgment and order should be affirmed.

INGALLS, P. J., and POTTER, J., concurred.

Judgment and order affirmed.