## MARIA MARVIN, APPELLANT, *v.* THE UNIVERSAL LIFE INSURANCE COMPANY, RESPONDENT.

*Life insurance — when a company is not estopped from claiming that it is forfeited by non-payment of premium.*

To render valid an extension of the time for the payment of a premium upon a life insurance policy, after the time of payment has gone by, there must be some valid consideration for the extension or waiver of the condition of payment, or there must be something said or done by or in behalf of the insurance company, while the party bound to make the payment has still time and opportunity for so doing, by which the insured is induced to believe that the condition is waived, or that a strict compliance will not be insisted on.

One insured by defendant failed to pay the premium falling due on his policy, on April thirteenth. On April twenty-seventh defendant's agent told the assured that if he paid the premium the next morning he would receive it. The agent called the next day, but finding the assured sick, declined to receive the premium, but said he would do so when he got well, and that he would keep the policy in force. The assured never got well, but died in the following September. The premium due in July was not paid, as the company had notified him that the policy was canceled. In an action upon the policy, *held*, that the plaintiff was properly nonsuited.

APPEAL from an order made at the Monroe Special Term, denying a motion for a new trial, made after a nonsuit directed at the Circuit.

*D. B. Beach,* for the appellant.

*G. F. Danforth,* for the respondent.

TALCOTT, P. J. :

This is an appeal from an order made at the Monroe Special Term, denying a motion for a new trial, made after a nonsuit at the Circuit. The action was to recover the sum of $3,000, insured to Milton B. Marion in January, 1874, on his life, for the benefit of and payable, in case of death, to the plaintiff, his wife. The premium, eleven dollars and eighty-eight cents, was payable on or before the thirteenth day of January, April, July and October, in each year. The quarterly premium which became due on the 13th day of April, 1874, was not paid. On the 27th of April, 1874, one Henkle, the agent of the defendant, told the insured that if he paid said premium the next morning, the twenty-eighth, he would receive the same. Henkle went to the house of the insured the next day, the twenty-eighth, and there found the insured lying sick upon his bed, and on being offered the overdue premium by the insured declined to receive it at that time, because the insured was then sick, but told the insured to keep the money and when he got well he, Henkle, would receive it and would keep the policy alive. The insured never did recover from his sickness, and the premium which became due on the thirteenth day of the following July was not paid or offered to be paid, as the company had notified the insured before the July premium became due that it would hold itself absolved from the contract, in consequence of the non-payment of the premium due on the thirteenth of April. The insured died of consumption on the 26th day of September, 1874.

We think the plaintiff was properly nonsuited. As we understand the law as laid down by the court of last resort in such cases, in order to a valid extension of the time for the payment of a premium upon a life policy after the time of payment has gone by, there must be some valid consideration for the extension or waiver of the condition of payment, or there must be something said or done by or in behalf of the insurance company while the party bound to make the payment has still time and opportunity for so doing, by which the insured is induced to believe that the condition is waived, or that strict compliance will not be insisted on. This introduces an element of estoppel into the case. In such a case it would be unjust to allow the insurance

company to repudiate the agreement, and to insist that because of the nonpayment of the premium punctually, which omission had been induced or countenanced by its own acts, it should be absolved from the performance of its part of the contract. (*Underwood* v. *The Farmers' Joint Stock Insurance Company*, 57 N. Y., 500; *Ripley* v. *Ætna Ins. Co.*, 30 id., 136.)  In *Dean* v. *The Ætna Life Ins. Co.* (62 N. Y., 642) the agreement to extend the time was not only made before the premium became due, but the insurance company had actually received the notes of the insured for the payment of three-fourths of the premium. This not only introduced the element of estoppel, but the notes received constituted a valid consideration for the waiver of punctual payment.  In *Homer* v. *The Guardian Mutual Life Ins. Co.* (67 N. Y., 478) the agreement extending the time of payment of the premium was made before the premium fell due, and thus the policy-holder was prevented from paying the premium on the day it became due by the terms of the policy.

The two cases last cited are much relied upon by the appellant's counsel, but they differ from the case at bar in the particular that the agreement having been made before the premium fell due, the company was estopped from setting up the nonpayment of the premium on the day it fell due by the terms of the policy, because it had induced the insured to act upon the supposition that punctual payment would be waived.

The order refusing a new trial should be affirmed.

HARDIN J., concurred; SMITH, J., not sitting.

Order denying new trial affirmed.