NORMAN PECK et al., Appellants, *v.* MAX VON KELLER et al., Exrs., etc., Respondents.

Where, in an action to recover a balance of an alleged loan, the question was as to whether the loan was made to defendant or to other parties through defendant as their agent, *held*, that entries made in plaintiffs' books, without defendant's knowledge or consent, were not competent evidence that the loan was made to or upon the credit of defendant.

(Argued January 31, 1879 ; decided February 11, 1879.)

THIS was an action to recover an alleged unpaid balance of a loan of $10,000 from plaintiffs to defendant.

The fact in issue was whether the loan was made to the defendant, he giving the notes of Griffith & Prentiss as col-

lateral, or to Griffith & Prentiss, through the defendant as their agent. The testimony of the plaintiffs, and the defendant on this point was in direct and irreconcilable conflict; the jury found upon the issue in favor of the defendant. The plaintiffs excepted on the trial to the exclusion of certain entries in the plaintiff's books, offered in evidence by them, and to the charge of the judge in respect to the force to be given to another entry which had been admitted without objection. These are the only points urged for the reversal of the judgment. The entries which were offered in evidence and excluded, were made at the time of the loan by the direction of the plaintiffs, but so far as appears, without the knowledge of the defendant. They were offered as stated in the case, not to prove any facts stated in them, but simply as evidence of the existence of the entry. The entries proposed to be proved appeared to be memoranda of the dates and amounts of the notes of Griffiths & Prentiss deposited by Von Keller with the plaintiffs at the time of the loan, and his name appears in the entries. They did not purport to charge him with any liability either upon the notes, or for the loan. *Held*, that assuming that entries in the books of the plaintiffs were admissible to show that they loaned the money to Von Keller, and not to Griffith & Prentiss, these entries did not indicate that fact, as they were quite as consistent with the theory that Griffith & Prentiss were the borrowers, and that Von Keller was acting as their agent in the transaction; that the evidence therefore was immaterial and the exception not well taken.

The plaintiffs advanced the money by their check payable to the order of Von Keller, and their book-keeper entered in the margin of the check-book, from which their check was taken, the words and figures, "Herman Von Keller on account $10,000." This entry was made at the time the check was drawn, and was proved without objection. The judge in his charge, after referring to the fact that the plaintiffs claimed that the entry in their books was a circumstance going to show that they gave credit to Von Keller, and stating that as a general rule entries in a man's own books

cannot be read in his favor, said : "Anything of that kind which is entered in the plaintiff's books, is not to be considered by you, in determining this question you have to rely upon the naked testimony of the parties in that connection," and to this part of the charge, the plaintiff's counsel excepted. *Held*, that the charge must have referred to the entry in the margin of the check-book, as no other entry had been proved ; that this entry may perhaps be regarded as a statement made by the plaintiffs at the time of the loan, in their books, that the advance was made to Von Keller, and on his account ; but the entry was not competent evidence of the fact, as it was not made with Von Keller's consent or knowledge, and was not a part of the transaction between the parties, the *res gestœ*. (*Vosburgh* v. *Thayer*, 12 J. R., 461; *Merrill* v. *Ithaca R. R. Co.*, 16 Wend., 588; *Corning* v. *Ashley*, 4 Denio, 354; *Moore* v. *Meacham*, 10 N. Y., 207.)

*Elihu Root* for appellants.

*John A. Mapes* for respondents.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.