NORMAN L. MASON AND ANOTHER, AS ADMINISTRATORS, ETC., OF ALBERT GORRINGE, DECEASED, RESPONDENTS, *v.* HERBERT WEDDERSPOON, APPELLANT.

*Evidence — entries in the books of a deceased person are not admissible to prove a claim in favor of his estate.*

Upon the trial of this action, brought to recover seventy-five dollars for a coach harness, made by the plaintiff's intestate at the request and upon the order of the defendant, the plaintiff was allowed, against the objection and exception of the defendant, to put in evidence the following entry in an order book kept by the deceased: "Herbert Wedderspoon, coach harness, gold and black trimmed, inch and quarter trace, breeching, $75." *Held*, that the evidence was not admissible.
*Livingston* v. *Arnoux* (56 N. Y., 518), and *Peck* v. *Valentine* (29 Hun, 668) distinguished.

APPEAL from a judgment of the County Court of Otsego county, affirming a justice's judgment in favor of the plaintiffs.

The action was brought to recover damages upon an allegation that, in June, 1883, " the defendant employed one Albert Gorringe to make for him one coach harness, with gold and black trimmings and breeching, and agreed to pay for the same, upon the delivery thereof, seventy-five dollars;" that the harness had been made and tendered to the defendant, who had refused to receive it.

Gorringe died in January, 1884, and the plaintiffs were appointed his administrators. The defendant set up that the harness " was

not made in accordance with the orders and instructions given said deceased therefor, and, as made, was entirely useless to this defendant," and that the defendant's refusal to take it was satisfactory to deceased. Judgment was given for plaintiffs for seventy-five dollars damages and four dollars and thirty cents costs, and was affirmed by the County Court without any opinion being delivered. During the trial the plaintiffs proved that the deceased kept an order book, and, against defendant's objection and exception, were allowed to prove an entry therein to be in the handwriting of the deceased, and then to offer it in evidence against defendant's objection. It was received and read, viz.: "Herbert Wedderspoon, coach harness, gold and black trimmed, inch and quarter trace, breeching, $75."

*E. M. Harris*, for the appellant.

*Lynes & Pierce*, for the respondents.

HARDIN, P. J.:

Entries made in the order book or account book of the deceased by him, not in the presence of the defendant, were not competent evidence. (*Peck* v. *Von Keller*, 76 N. Y., 604; *Bigelow* v. *Hall*, 91 id., 145; *Dean* v. *Ætna Life Ins. Co.*, 2 Hun, 358; reversed, on other grounds, 62 N. Y., 642; *Gould* v. *Conway*, 59 Barb., 355; *Collins* v. *Rockwood*, 64 How., 57.)

Respondent's counsel calls our attention to *Livingston* v. *Arnoux* (56 N. Y., 518), but it does not support the ruling made below and is not in conflict with the cases we have cited. In that case the written memorandum was made by an officer, in a matter pertaining to his official duty *against his interest*, and he had no interest to misrepresent or mistake the facts, nor does the case of *Peck* v. *Valentine* (29 Hun, 668) justify the ruling made by the court below. In that case the witness, who made original entries of money received by defendant, which he was charged with embezzling, reported them to the plaintiff, and witness and plaintiff testified that the memorandum produced was transcribed from the one actually made by the witness, but even that case was reversed. (94 N. Y., 569.)

Respondent's learned counsel calls our attention to section 3063 of the Code of Civil Procedure, which requires the appellate court

to give "judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits." The issue of fact was close, and until that is properly and legally determined, the court may not say where the "justice of the case" lies. The error in the ruling introduced incompetent evidence which bore upon the very core of the issue, and that incompetent evidence may have produced the determination of the issue of fact made by the justice adverse to defendant.

In *Wright* v. *Dugan* (15 Abb. N. C., 121), the court, in speaking of the improper evidence admitted, said : "But we cannot see that it could rightfully have affected the result to such an extent as to demand a new trial." That was an equity case and fell under section 1003 of the Code of Civil Procedure.

In the case in hand, we think it very probable that the improper evidence affected the result ; we are unwilling to guess or say that it did not affect the merits. The error is such that we ought to attend to it, and reverse the judgments below. (*Collins* v. *Rockwood, supra.*)

BOARDMAN and FOLLETT, J. J., concurred.

Judgment of the County Court of Otsego county, and the Justice's judgment affirmed thereby, reversed, with costs.