## CLARK *v.* BULLOCK *et al.*

*(City Court of New York, General Term.* September 29, 1888.)

EVIDENCE—DOCUMENTS—BOOKS OF ORIGINAL ENTRY.

 A "journal" containing entries copied from the "day-book" subsequent to the transactions is not a book of original entries, and is inadmissible as evidence.

Appeal from trial term; PITSHKE, Justice.

This action was brought by the plaintiff, Mary J. Clark, as executrix, etc., of Benjamin S. Clark, deceased, to recover the sum of $525, the amount of a promissory note bearing date March 20, 1886, made by defendants Slocum, payable three months after date to the order of defendant Bullock, and delivered to defendant Bullock, and alleged to have been indorsed by him before maturity, and delivered for value to Benjamin S. Clark, who died April 7, 1888, leaving a will. Letters testamentary thereon were issued April 29, 1888, to the said plaintiff. The complainant alleges the presentation of said note for payment by plaintiff and refusal to pay, the protest thereof, and that no part thereof has been paid, etc.

The defendants in their separate answers each admit the making of the note, but deny the delivery of the note to Clark for value. Defendants each allege that the note was made by the defendants Slocum, and indorsed by defendant Bullock, and delivered to said Clark at the request of Lemuel H. Wilson, upon the express understanding and agreement, made by and between the said Clark and the said Wilson, and by and between the said Clark and the said defendants, before the indorsement and delivery thereof, that the said Clark should within three months from the date of said note organize a gas company to operate in the town of Gravesend, Kings county, and should

obtain from the local authorities of said town a license, etc., to lay pipes, etc., and that said note should be held by said Clark as collateral security for the payment by Wilson to Clark of any and all moneys that Clark should use or expend in obtaining the said license, etc.; but that Clark did not within the said three months, or at any other time, either organize the said company or obtain such license. The action came on for trial on April 9, 1888. Plaintiff's counsel offered in evidence letters of administration granted to Mary J. Clark as administratrix, etc., of Benjamin S. Clark, and also the note in suit, the signature of the maker and indorser being admitted, and rested his case. After the admission of the testimony of the defendants, Slocum & Bullock, as to the consideration of the note, and during the examination of defendant's witness Charles R. Clark, the managing clerk of Benjamin S. Clark up to the time of his death, for the purpose of showing the extent of the indebtedness of the Brighton Gas Company, of Wilson, and of the defendant Slocum, to said Benjamin S. Clark, a book was produced by plaintiff's counsel to the witness, who, after an inspection of the same, testified: "This is the book I entered the charges in that Mr. Clark made in his day-book; it is a journal, and is in my handwriting." Witness further testified that he found at pages 388, 389, an account with L. H. Wilson, that he could testify from his present memory, without looking at the book, as to the transactions between Clark and Wilson. After further testimony by the witness as to certain specific services rendered by Clark to Wilson, etc., the book was offered in evidence, and the ledger account with Wilson on pages 388 and 389. The defendants' counsel objected to the admission of the book in evidence as incompetent and irrelevant, and on the further ground that the witness had testified that it was not a book of original entries. Plaintiff's counsel also offered the book in evidence, and the account therein with the Brighton Gas Company at pages 428 and 429. Defendants' counsel objected to the admissions of said accounts, on the same grounds as before stated. The accounts were admitted in evidence, to which admission defendants' counsel duly excepted. From a judgment entered on the verdict of the jury, and an order denying a motion for new trial, defendants appeal.

Argued before McGOWN and NEHRBAS, JJ.

*Edward Russell*, for appellants. *Harris & Corwin*, for respondent.

McGOWN, J., (*after stating the facts.*) The journal and the accounts therein, as set forth as plaintiff exhibits, were introduced and offered in evidence for the purpose of showing a consideration for the note in suit and an indebtedness to the said Benjamin S. Clark, existing at the time the note was given; plaintiff's counsel stating that he "proposed to show how largely the company and Mr. Wilson and Dr. Slocum, were indebted to Mr. Clark at the time this note was given by the attorneys work, and by his books for his services as attorney." The witness Clark testified that the accounts in the journal were in his handwriting and were made by him from a "day-book" kept by his employer, and also stated that he could testify from memory, without using the books for the purpose of refreshing his memory. To constitute the entries in the ledger made by the witness Clark, who was not a party to the action, competent evidence, such entries must be shown to have been made by the witness Clark in the usual course of business, and which entries it was his duty to make at or about the time of the transaction, viz., in the years 1884 and 1885, whereas it appears that such entries were made after the death of Benjamin S. Clark, and also that the witness Clark had competent knowledge of the fact, or that it must have been his duty to have known it. 1 Greenl. Ev. § 115; *Gould* v. *Conway*, 59 Barb. 355; *Burke* v. *Wolfe*, 38 N. Y. Super. Ct. 264; *Whitman* v. *Horton*, 46 N. Y. Super. Ct. 531. The witness Clark testified, when shown the ledger: "That is the book that I entered the charges that Mr. Clark made in his day-book; it is a journal, and it is

in my handwriting." When again shown the book he testified that the ledger was made up after Mr. Clark's death, (he died April 7, 1888;) that Mr. James W. Barker made it. It was written up from Mr. Clark's books of original entry. The witness Clark having stated that he could testify as to the transaction without looking at the book, his testimony as to those transactions was competent evidence, and the book, not being a book of original entries, was improperly admitted in evidence, and undoubtedly influenced the minds of the jury in determining what, if any, amount was due to Clark from the gas company and from Wilson at the time the note was given, inasmuch as plaintiff's counsel had stated that it was offered by him for the purpose of showing how large such indebtedness was. Without considering the several other points raised on the part of the appellant, I think the judgment and order appealed from, for the reasons above stated, should be reversed, with costs, and a new trial ordered.