LUCY F. WYMAN, as Administratrix, etc., Appellant, *v.* PHŒNIX MUTUAL LIFE INS. Co., Respondent.

*Supreme Court, First Department, General Term, July 9, 1889.*

*Insurance. General agent.*—A general agent of an insurance company, who has been accustomed to receive payment of the premiums from the insured after they became due, which acts the company was accustomed to ratify by an acceptance of such premiums, is authorized to extend the time of payment of the premiums, and the question whether an extension was made, is one for the jury to determine upon the evidence.

Appeal from a judgment entered upon a verdict directed by the court, and from an order denying a motion for a new trial.

*S. Greenbaum,* for appellant.

*Philip G. Bartlett,* for respondent.

VAN BRUNT, P. J.—This action was brought to recover the sum of $3,000 upon a policy of insurance issued on the 27th of October, 1879, by the defendant on the life of William A. Wyman, the plaintiff's intestate.   The plaintiff alleged that on the 25th of October, 1884, there was due and payable upon the policy a quarterly premium of $30.90, and that upon said day the defendant agreed to extend the time for such payment, and on the 3d of November, 1884, further extended the time for making the payment for said premium for a period of 30 days, and that on the 8th of November the insured died.   The defense was that by the terms of the policy, if the premiums becoming due thereon should not be paid on or before the days upon which they became due, the liability upon the policy should cease and determine, and that a premium became due on the 25th of October, 1884, and was unpaid, and therefore the policy ceased.   Upon the trial evidence was offered tending to show a waiver of the default on the 25th of October, 1884, and tending to prove an extension of the time in which to make such payment, and which extension had not expired at the time of the death of the assured.   The Court held, as matter of law, that there had been no legal extension, and that the default had taken place, and directed a verdict in favor of the defendant, and from the judgment thereupon entered this appeal is taken. This case has been before the general term on a previous appeal, and it is urged by the counsel for the respondent that its opinion then rendered virtually disposes of this appeal, and might be alone relied on to sustain the judgment below.   But an examination of the record, as it seems to us, shows that the facts and the pleadings were different, and although it was intimated that the agent in question, under the circumstances as they appeared upon the previous appeal, was not shown to have any authority, in view of the terms of the policy to extend the time of payment, yet it may be that

the additional evidence which has been offered showing an offer to pay the premium on the 25th of October, 1884, although it may have been upon the false assumption that it was necessary to pay it in order to be entitled to a paid-up policy, and also the fact that the agent had been accustomed to receive premiums after they had become due, which action, on the part of the agent, was known by the company, has so far changed the situation of the parties, that the former adjudication cannot be held to be decisive of the present appeal.

As to the fact of the general agent being accustomed to receive payment of the premiums after they were due, and that the company were accustomed to ratify such acts by the acceptance of the premiums, the evidence seems to be reasonably conclusive ; and under the authority of Palmer *v.* The Phœnix Ins. Co. (84 N. Y. 63) and Dean *v.* Ætna Life Ins. Co. (62 N. Y. 642), in the former of which cases it appears that the policy contained a similar provision to the one in the case at bar, it seems to be held that the general agent could extend the time after the premiums became due.

But the evidence in this case further shows that on the 25th of October, 1884, the assured's son came to the agent in question with the money ready to pay the premium, supposing it was necessary to pay the same in order to get a paid-up policy in respect to which his father had been negotiating with the agent, and he did not pay the premium because of the statement made by the agent that it was not necessary for him to pay any premium if his father took a paid-up policy and told the son to see his father and have him continue the policy rather than to take a paid-up policy, and that the deceased could come at any time within a week or ten days and it would be all right.

Now under the evidence which has been offered of a recognition of the right of this agent to receive payment of premiums after the time for the payment of the same had

lapsed and thus to waive the forfeiture which had been incurred, it is but reasonable to hold that he had a right to extend the time of payment; and that notwithstanding the restriction contained in the policy his rights as general agent, and as director of the business of the company in this city were recognized by the Home Company and the decedent was entitled to trust to this apparent authority, which this agent had exercised in his own case many times before in relying upon this extension for the payment of the premium in question.

It seems further that on the third of November within the ten days thus allowed to the son, the deceased and the agent had certain other transactions which resulted in a receipt and memorandum given by the agent to the deceased, upon which memorandum the deceased was given thirty days within which to reach a decision as to the paid-up policy.  It is true that such receipt is a receipt for the policy in question as though it were to be replaced by a paid-up policy, but that no such policy was received at the time of the giving of the receipt is apparent, as the policy was found amongst the decedent's effects upon his death.  It appears that on the tenth of November after the death of the decedent, his son paid the premium, which money was accepted, however, in ignorance of the death of the insured, the agent making the remark: " So your father has decided to continue the policy."

If the receipt of the 3d of November, 1884, is to be deemed a determination that an agreement had been entered into to give a paid-up policy, it is difficult to reconcile such construction with this remark of the agent, and also with the extension of time of thirty days given to the decedent to reach a decision as to taking a paid-up policy.  The memorandum at the foot of the receipt, was :  " Time extended thirty days in which to reach a decision with regard to taking paid-up policy."

Now, if by non-payment on the 25th of October, 1884, the

life policy had terminated, what had the decedent to decide about? He could not help himself. He either had to take up a paid-up policy or nothing. And it is to be presumed that as the paid-up policy might possibly enure to the benefit of those for whom the insurance was intended, the decedent would therefore accept it.

It is further to be observed that in case the insured reached the conclusion to accept the paid-up policy, there was no necessity of paying the premium. Therefore, by no other construction can any force be given to this memorandum that there was an understanding between these parties, that he should have thirty days from the 3d of November, 1884, in which to determine whether he should pay that premium and keep his life policy alive, or take a paid-up policy.

As already observed, if the life policy had expired, and the agent had no power to renew it or to extend the time, then the decedent had nothing to decide about. He had to take the paid-up policy or nothing, and it is not to be presumed that he would prefer to take nothing rather than a paid-up policy.

These circumstances, it seems to us, left a question which must necessarily be submitted to the jury as to whether there had been an extension of the time in which the premium which fell due on the 25th of October, 1884, might be paid.

Of course this whole question depends upon the facts as to whether there was any evidence whatever which would justify the submission of the question to the jury as to the authority of the agent to extend the time of payment of the premium.

But the evidence that the agent had been accustomed to do business in this way, that he had been accustomed to receive premiums after they became due, and that such premiums were received by the company, seems to be a recognition of the right of the agent to receive such premiums and to relieve from forfeiture, and consequently to extend the time during which such premiums might be paid.

This being the condition of the evidence, it would appear that a case had been made out which justified the submission of the questions to the jury, as to whether the agent had the authority to extend the time for the payment of these premiums, and whether there had been an agreement entered into between the agent and the insured, extending the time until thirty days from the 3d of November, 1884.

The judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide event.

BARRETT, J., concurs.